UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PRESTON J. WILKINS,

    Petitioner,

        v.                                CAUSE NO. 3:20-CV-896-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Preston Wilkins, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-20-6-482) at the Westville Correctional Facility in which an appeal review officer found him guilty of possession of an intoxicating substance in violation of Indiana Department of Correction Offense 231. Following a disciplinary hearing, he was sanctioned with a loss of seventy-five days earned credit time and a demotion in credit class.

Wilkins argues that he is entitled to habeas relief because he did not receive adequate notice of the charges. He asserts that the conduct report alleged that a correctional officer found a controlled substance on his bunk without specifically identifying the controlled substance. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). The conduct report charged Wilkins with possession of a controlled substance and identified the specific time and location of

when and where the contraband was found. ECF 12-1. Wilkins also received a report identifying the contraband as synthetic marijuana. ECF 12-7. These documents provided adequate notice for Wilkins to defend against the charge of possession of a controlled substance.

Wilkins also argues that he is entitled to habeas relief because the appeal review officer changed the disciplinary offense from possession of a controlled substance to possession of an intoxicating substance. The Seventh Circuit Court of Appeals addressed a similar argument in *Northern v. Hanks*, 326 F.3d 909 (7th Cir. 2003). In that case, an inmate was charged with bribery for smuggling tobacco with the assistance of correctional staff but was found guilty of attempted trafficking based on the same factual allegations. *Id.* at 909-10. The appellate court held that this finding of guilt did not violate the inmate's procedural rights because he received notice of the facts underlying the bribery charge, and these facts were sufficient to apprise the inmate that he could also be subject to discipline for the offense of attempted trafficking. *Id.* at 910-11.

Here, the administrative record includes a copy of the conduct report, which articulates the factual basis for the charge, and a report identifying the contraband as synthetic marijuana. These reports were sufficient to notify Wilkins that he could also be subject to discipline for possession of an intoxicating substance, and Wilkins offers no explanation as to how he would have defended against this charge differently or how it otherwise affected the outcome of this case. Because Wilkins received adequate

notice of the facts underlying the finding that he possessions an intoxicating substance, the argument that he did not receive sufficient notice is not a basis for habeas relief.

Because Wilkins has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Wilkins wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Preston J. Wilkins leave to proceed in forma pauperis on appeal.

SO ORDERED this May 5, 2021.

        s/Michael G. Gotsch, Sr.
        Michael G. Gotsch, Sr.
        United States Magistrate Judge